## ROST, Guardianship, In re.

Ohio Appeals, Second District, Franklin County.

No. 4806. Decided October 17, 1952.

Edward T. Roth, Columbus, for complainant, Lillian Rost.

L. P. Henderson, Columbus, for respondent, Ernest Andress.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Probate Court finding the appellant, Ernest Andress, guilty of having concealed or conveyed away moneys belonging to the estate of Anna Katherine Rost, an incompetent person, in the sum of $1313.00. The action was instituted under the provisions of §10506-67 GC. The record discloses that shortly prior

to the filing of the complaint on March 19, 1952, Lillian Rost was appointed guardian for Anna Katherine Rost who was adjudged to be an incompetent person; that on March 20, 1950, she had on deposit in the Franklin Federal Savings & Loan Association the sum of $2045.10 which constituted her entire savings; that by April 26, 1950, all of this money had been withdrawn. Of the aforementioned sum the appellant admitted having received $1313.00, the amount of the judgment, although Anna K. Rost testified that she had given all of it to him. The appellant urges that this money was given to him several years prior to the appointment of a guardian and that the action may not be maintained under the concealment statute. Citing in re Howard's Estate, 68 N. E. (2d) 820; and also in 72 N. E. (2d) 502. It was held here that the ward must have owned the property before the fiduciary's appointment and a fiduciary must have the right to possession or value thereof and if both circumstances are not shown a court should dismiss the complaint or render judgment for the defendant. An examination of the bill of exceptions discloses a conflict in the testimony concerning the giving of this money. The appellant urges that it was a gift unconditionally made and never to be returned. On the other hand Anna K. Rost contradicted herself, indicating a confused state of mind, saying at one time it was a gift and at another time, a loan, and on February 13, 1952, she signed a statement that it was given under duress. This statement is in evidence as Plaintiff's Exhibit No. 2, and it is urged by the appellant that its admission into evidence constituted prejudicial error. This Court held in the case of **In re Estate of Howard, 79 Oh Ap 203,** that a letter written by the decedent was admissible in evidence in a similar proceedings. We therefore hold that the statement was properly admitted.

The only other question discussed by the appellant in the brief goes to the weight of the evidence, contending that the trial court should have found that the title to this money had passed to him and therefore the action was not proper. Although the judgment entry does not recite the reason for the Court's conclusion the opinion of the Court recites that it found that a confidential relationship existed between these parties and we think that the record supports the finding. Judge McClelland well summed up the reason for his conclusion, and which we think needs no further comment, by stating the following:

"Our attention has been called to the inconsistency of the contradictory statements made by her * * * which induces this Court to believe that this lady's will is so weak that she can be influenced by anybody that might be close to her, and influenced contrary to her best interests. She says that she was in love with Mr. Andress. Mr. Andress intimated, or admitted at least, that there was some sort of love affair between them. * * * And when a married man (52 years old) will receive the amorous attentions of an old lady 79 years of age, it raises a suspicion immediately in the mind of any thinking person that there is something besides, or something behind that reception of amorous attention other than love and affection * * * this Court cannot come to any conclusion but what that conduct on the part of Mr. Andress in receiving the attention of this woman was for the purpose of encouraging her to deliver her money to him. And I must say, in all due respect to Mr. Andress, that * * * the

most charitable characterization which this Court can give, is that it is dishonorable and repulsive * * * Mr. Andress had acquired an influence over her, if not an influence, at least a confidential relation which would require him to deal with her with extreme care and with extreme charity and fidelity. This he has not done."

When a confidential relationship exists between a donor and donee the burden is upon the donee to prove that the gift is fair and fully understood by the donor. 20 O. Jur. 43, Section 37. Failing in such proof the gift will be set aside upon proper application being made.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.